IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

VRWC, L.L.C.,                )
                             )
            Plaintiff,       )
                             )
      v.                     )   Case No. 09-2268-JWL
                             )
AUMD, L.L.C., et al.,        )
                             )
            Defendants.      )
                             )
_____)

## **MEMORANDUM AND ORDER**

Plaintiff VRWC, L.L.C. filed a Complaint (Doc. #1) against defendants on May 20, 2009. On September 28, 2009, the Court issued a Notice and Order to Show Cause (Doc. #9), ordering plaintiff to show good cause in writing on or before October 16, 2009, why service of the summons and complaint has not been made upon defendants AUMD, L.L.C.; Cardmarte, Inc.; Alfred Urcuyo, Jr.; Alfons Ciolek; and Max Day within 120 days from the filing of the Complaint; and to show good cause why the Court should not dismiss the action against those defendants. Plaintiff filed its Response to Order to Show Cause (Doc. #17) on October 15, 2009, and at the same time, requested an extension of time to serve the defendants.

Rule 4(m) provides in relevant part that

[i]f a defendant is not served within 120 days after the complaint is
filed, the court--on motion or on its own after notice to the plaintiff--
must dismiss the action without prejudice against that defendant or
order that service be made within a specified time. But if the plaintiff

> shows good cause for the failure, the court must extend the time for
> service for an appropriate period.

Fed. R. Civ. P. 4(m). In determining whether to dismiss the action or grant an extension of time for service, courts engage in a two-step inquiry. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). First, a court must decide whether the plaintiff has demonstrated good cause for its failure to effect timely service on the defendants. *See id.* If the plaintiff has shown good cause, the court must grant an extension of time. *See id.* If the plaintiff fails to demonstrate good cause, however, the court must decide whether to exercise its discretion to dismiss the case or to extend the time for service. *See id.*

Plaintiff has not offered any legal basis or authority to support a finding of good cause that would require this Court to grant an extension of time. Plaintiff's Response to Order to Show Cause indicates that plaintiff made at least three unsuccessful attempts to serve each of the defendants. Plaintiff also states that it has retained a private process server to serve alias summonses on four defendants and is investigating a current address for fifth defendant. Plaintiff states that its failure to obtain service is not the result of its own "negligence or inattention" but rather is the result of the defendants' "attempts to avoid service," but plaintiff has not offered any evidence to support that allegation. Moreover, it appears that plaintiff did not attempt service at more than one location for any defendant, and plaintiff did not make any attempts at service after June 29, 2009, for defendant Day or after July 22, 2009, for

the other defendants.  Accordingly, plaintiff has not shown good cause under Rule 4(m) for its failure to effect timely service, and the Court is not required to grant the requested extension.

Nevertheless, in light of plaintiff's representation that it has made some effort to serve defendants and that it will continue its efforts, the court will exercise its discretion under Rule 4(m) and grant plaintiff an extension of its original deadline for service.  Accordingly, the Court orders that service must be made on these five defendants by December 14, 2009.  The Court does not contemplate any further extensions this deadline based on the record made by plaintiff to this point.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff must effect service of process on defendants AUMD, L.L.C.; Cardmarte, Inc.; Alfred Urcuyo, Jr.; Alfons Ciolek; and Max Day by **December 14, 2009**.  Plaintiff's claims will be dismissed as to any defendant not served by that date.

IT IS SO ORDERED.

Dated this 30th day of October, 2009, in Kansas City, Kansas.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge
