IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

VRWC, L.L.C., )
)
          Plaintiff, )
)
v. ) Case No. 09-2268-JWL
)
CARDMARTE, INC. and )
INTERAMERICAN PROCESSING )
SERVICES, LLC, )
)
          Defendants. )
)
_____)

## **MEMORANDUM AND ORDER**

Plaintiff brings state-law claims against defendants Cardmarte, Inc. ("Cardmarte") and Interamerican Processing Services, LLC ("Interamerican"). This matter presently comes before the Court on the motion to dismiss by defendant Cardmarte, Inc. ("Cardmarte") (Doc. # 44). The Court concludes that plaintiff has not shown that this Court may exercise diversity jurisdiction in this matter. Accordingly, the Court **grants** the motion and dismisses plaintiff's entire action against both remaining defendants.

Because it asserts only state-law claims in its amended complaint, plaintiff seeks to invoke the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff bears the burden of establishing that the Court does have jurisdiction, and because federal courts are courts of limited jurisdiction, there is a presumption against its existence. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citations

omitted). In determining whether plaintiff has presented sufficient facts to establish diversity jurisdiction, the Court first looks to the face of the complaint, ignoring merely conclusory allegations of jurisdiction. *See Penteco Corp. Ltd. Partnership–1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citation omitted). "Where the pleadings are found wanting, [the Court] may also review the record for evidence that diversity does exist." *Id.* (citation omitted). "When a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirement of the diversity statute for *each* defendant or face dismissal." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989) (citation omitted).

For purposes of the diversity statute, a corporation is a citizen of both the state of its incorporation and the state of its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Seemingly in reliance on that provision, plaintiff argues that complete diversity exists here because it is a Nevada limited liability company ("LLC") with its principal place of business in Kansas; Cardmarte is a California corporation with its principal place in California; and Interamerican is a Delaware LLC with its principal place in Florida. Neither plaintiff nor Interamerican is a corporation, however, and this Court and every federal appellate court to have considered the question have held that, for diversity purposes, an LLC is a citizen of every state of which its members are citizens. *See Tilzer v. Davis, Bethune and Jones, LLC*, 2004 WL 825289, *1-2 (D. Kan. Aug. 15, 2004) (Lungstrum, J.) (concluding that Tenth Circuit would follow other circuits and determine the citizenship of an LLC by the citizenship of its members);

2

*Harvey Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citing and following cases from First, Second, Fourth, Sixth, Seventh, Eighth, Ninth, and Eleventh Circuits). Accordingly, plaintiff must establish diversity in light of the citizenship of each of its members and the members of Interamerican.[1]

In its prior order in this case dismissing two defendants for lack of personal jurisdiction, the Court noted that plaintiff's original complaint did not identify plaintiff's members or those members' states of residence. *See* Memorandum and Order of Oct. 15, 2009, at 4 (Doc. # 16). In response to that statement by the Court, plaintiff included new jurisdictional allegations in its subsequent amended complaint, by which it added Interamerican to the suit. Plaintiff has now alleged that 45 percent of plaintiff is owned by a Kansas resident; that another 45 percent of plaintiff is owned by UB Equity Group, LLC ("UB Equity"); and that over 85 percent of the members of UB Equity are residents of Kansas.[2] Conspicuously absent, however, is any identification of the members who hold the remaining 10 percent interest in plaintiff, or the members comprising the remaining 15 percent of UB Equity.[3] Nor has plaintiff identified Interamerican's

---

[1] Plaintiff does not help its position by blatantly ignoring this rule concerning LLCs cited by Cardmarte and instead labeling Cardmarte's challenge to jurisdiction "completely frivolous."

[2] The Court need not address Cardmarte's arguments based on the Tenth Circuit's holding that residency does not equate with citizenship for purposes of the diversity statute. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972).

[3] In its amended complaint, plaintiff calls UB Equity a Kansas "corporation," but that status as a corporation is belied both by plaintiff's reference in the complaint to UB
(continued...)

members or alleged the citizenship of those members. Moreover, although plaintiff submitted three affidavits in response to the present motion and a motion to dismiss by Interamerican, it did not provide the missing information about the membership of plaintiff and UB Equity and Interamerican.

Accordingly, plaintiff has failed, both in its amended complaint and in the evidence submitted, to establish that complete diversity exists in this case. The Court therefore dismisses plaintiff's entire action for lack of subject matter jurisdiction.[4]

IT IS THEREFORE ORDERED BY THE COURT THAT defendant Cardmarte, Inc.'s motion to dismiss (Doc. # 44) is **granted**, and plaintiff's entire action against the remaining defendants is hereby dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.

Dated this 4th day of March, 2010, in Kansas City, Kansas.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge

---

[3](...continued) Equity's "members" and by the public records that show that UB Equity Group, LLC is in fact an LLC. *See Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n.1 (10th Cir. 2004) (citing authorities for rule that a court may take judicial notice of matters of public record in deciding a motion to dismiss).

[4]In light of this ruling, the Court does not address Cardmarte's other arguments for dismissal of the claims against it. Nor does the Court address Interamerican's pending motion to dismiss for lack of personal jurisdiction.